In the Matter of WILBER KINZIE, an Attorney, Respondent.— From the date of the entry and service of a certified copy of the order to be entered hereon, and until the further order of the court, the respondent, Wilber Kinzie, is suspended as an attorney and counselor at law and is commanded hereafter to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another, and is hereby forbidden to perform any of the following acts for compensation or reward, to wit: (1) To practice as an attorney or counselor at law before any court, judge, justice, board, commission, or other public authority. (2) To give to another an opinion as to the law or its application or any advice in relation thereto. The court approves of the findings of the referee herein, and finds that the respondent, Wilber Kinzie, is guilty of professional misconduct and conduct prejudicial to the administration of justice. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of OTTILIE RUMPH, Appellant, against VILLAGE OF TRUMANSBURG and STATE INSURANCE FUND, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal as a poor person denied, on the ground that only a question of fact was involved. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

ELIJAH SMITH, Respondent, v. RUSSO ASIATIC BANK, Also Known as BANQUE RUSSO-ASIATIQUE, Defendant. ALEXANDER J. GHERMAN and JAMES A. TILLMAN, Appellants; JAMES A. MARTIN and Another, as Temporary Receivers, Respondents. Motion for order directing diminution of record on appeal denied, with ten dollars costs, upon the ground that the application should be made to the proper court below. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of CARLE VAN DE BOGART, Respondent, against ONONDAGA LITHOLITE Co. and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award to claimant for temporary total disabilities. Claimant was employed as a salesman-architect or sales engineer, construction superintendent and a non-plant worker and supervising architectural draftsman by the employer, which had its office in Syracuse with a branch office in New York city. He was directed by his employer to proceed from a job in Brooklyn, N. Y., to Syracuse for the purpose of discussing said job, and, for their mutual convenience in discussing business matters relative to the job, was directed to stay at the home of the president of the employer in Syracuse. On the day in question he was directed by the said president to proceed from the latter's home to the office for further discussion concerning the matter. Claimant left the home of the president in the car of the president and while enroute to the office was injured. Appellants claim that the injury did not arise out of and in the course of his employment. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Rhodes, McNamee and Bliss, JJ., concur; Crapser, J., dissents, and votes to reverse the award and to dismiss the claim, on the ground that the accident did not arise out of and in the course of the employment.